### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1918.

IRVING WHALEY *v.* E. W. KING *et al.*

(*Knoxville.* September Term, 1918.).

1. **CORPORATIONS. Purchasing own stock. Recovery.**
In the absence of statutory authority, a corporation cannot purchase its own stock, and if it attempts to do so it may recover the amount paid to the stockholder, or if it becomes insolvent its receiver or assignee may have such recovery. (*Post, pp.* 3, 4.)

Cases cited and approved: Civil Service Investment Ass'n. v. Thomas, 138 Tenn., 77; Cartwright v. Dickinson, 88 Tenn., 476; Green v. Ashe, 130 Tenn., 615.

2. **BANKRUPTCY. Actions by trustee. Set-off and counterclaim. "Mutual credits and debts."**
Where corporation purchased its own stock and became bankrupt, its trustee having brought suit to recover the amount paid the stockholder, the latter could not set off against the recovery an indebtedness of the corporation to him, since he received the money for the stock as a trustee for the creditors; the capital stock being a trust fund, and the case not being one of mutual credits and debts within the meaning of the bankruptcy act. (*Post, pp.* 4-6.)

Whaley v. King.

Cases cited and approved: Ohio L. Ins. Co. v. Merchants' L. Ins. Co., 30 Tenn., 1; Marr v. Bank of W. Tenn., 44 Tenn., 471; Kelly Bros. v. Fletcher, 94 Tenn., 1; Shields v. Clifton Hill Land Co., 94 Tenn., 123; Vance v. McNabb Coal & Coke Co., 92 Tenn., 47; Jennings Neff & Co. v. Ice Co., 128 Tenn., 231; Western Tie & Timber Co. v. Brown, 196 U. S., 502; Sawyer v. Hoag, 17 Wall.. 610; Kiskadden v. Steinle, 203 Fed., 375; Scoville v. Thayer, 105 U. S., 143.

3. **COURTS.** Construction of Bankruptcy Act.

In an action in State court by a trustee in bankruptcy involving the construction of the Bankruptcy Act, the decisions of the United States supreme court are controlling. (*Post, p.* 6.)

Acts cited and construed: Acts 1898, ch. 546.

Cases cited and approved: Trust Co. v. Bank, 91 Tenn., 336; Bank Cases, 92 Tenn., 437; Lumber Co. v.Lumber Co., 128 Tenn., 11.

4. **APPEAL AND ERROR.** Insufficient proof.

Where both parties appealed from the judgment, and the transcript did not contain the amended record, which the judgment referred to, and which would have justified a larger recovery, the cause will be remanded for the taking of further proof to establish proper amount of recovery. (*Post, pp.* 6, 7.)

FROM SULLIVAN.

Appeal from the Chancery Court of Sullivan County. —Hon. HAL H. HAYNES, Chancellor.

ASHWORTH & HACKETT, for complainant.

E. K. BACKMAN, for defendants.

MR. JUSTICE GREEN delivered. the opinion of the Court.

The Bristol China Company is a Tennessee corporation, whose affairs are being wound up in the bankruptcy court at Bristol. The complainant, Irving Whaley, is its trustee in bankruptcy.

E. W. King subscribed to fifty shares of the capital stock of this corporation, of the par value of $5,000. Some time later he entered into a transaction with the corporation whereby the latter undertook to purchase from him these shares of its own stock. This suit is brought by the trustee to recover from King the amount of money paid to him on account of this attempted repurchase of the said shares by the corporation.

The chancellor rendered a decree in favor of the complainant, but allowed King to set off against this recovery a certain sum of money in which the corporation had become indebted to him by reason of his indorsement of its notes.

The trustee appealed from so much of the decree as allowed the set-off to King, and King has filed the record for writ of error challenging the recovery decreed against him in favor of the trustee. The claim of King against the corporation exceeded the amount of the decree against him.

We think the chancellor was correct in directing a judgment in favor of the trustee in bankruptcy against King. In Tennessee a corporation is not permitted to purchase shares of its own stock, in the absence of statutory authority. *Civil Service Investment Ass'n.* v. *Thomas*, 138 Tenn., 77, 195 S. W., 775; *Cartwright* v.

*Dickinson,* 88 Tenn., 476, 12 S. W., 1030, 7 L. R. A., 706, 17 Am. St. Rep., 910.

If such a purchase is attempted, the corporation may recover of the stockholder the amount paid him on account of the transaction, or, if the corporation become insolvent, its receiver or assignee is entitled to such recovery. *Civil Service Investment Ass'n* v. *Thomas, supra; Green* v. *Ashe,* 130 Tenn., 615, 172 S. W., 293.

The chancellor, however, erred in holding that King was entitled to offset the indebtedness of the corporation to him against the decree in favor of its trustee in bankruptcy.

In this jurisdiction it is well established that the capital stock of a corporation is a trust fund for the benefit and security of its creditors. *Ohio L. Ins. Co.* v. *Merchants' L. Ins. Co.,* 11 Humph. (30 Tenn.), 1, 53 Am. Dec., 742; *Marr* v. *Bank of W. Tenn.,* 4 Cold. (44 Tenn.), 471; *Kelly Bros.* v. *Fletcher,* 94 Tenn., 1, 28 S. W., 1099; *Shields* v. *Clifton Hill Land Co.,* 94 Tenn., 123, 28 S. W., 668, 26 L. R. A., 509, 45 Am. St. Rep., 700.

Corporate assets are a trust fund to the extent that creditors are entitled to payment of their debts before any distribution of such property is made among stockholders. *Vance* v. *McNabb Coal & Coke Co.,* 92 Tenn., 47, 20 S. W., 424; *Jennings Neff & Co.* v. *Ice Co.,* 128 Tenn., 231, 159 S. W., 1088, 47 L. R. A. (N. S.), 1058.

King testified that he sold these shares to the corporation with the understanding that they were to be resold by it to other parties. He failed to establish this contention, however, by a preponderance of the testimony. At any rate, no other sale of the shares was made by the corporation.

As the matter then appears, Mr. King has unlawfully received part of the capital stock of this corporation in exchange for his shares of stock; that is to say, he has become possessed of part of a trust fund wrongfully diverted. Taking with full notice, he occupies the relation of a trustee to creditors, represented by the trustee in bankruptcy in this suit. The case, therefore, is not one of mutual credits and debts within the meaning of the bankrupt law, and no set-off was permissible. *Western Tie & Timber Co.* v. *Brown,* 196 U. S., 502, 25 Sup. Ct., 339, 49 L. Ed., 571.

The defendant here is in the same plight as is a stockholder who has failed to pay his subscription to the capital stock of the corporation. In each case there is an obligation to the same trust fund. The two obligations are of the same character. Corporate creditors have a right to demand that all stockholders pay in the amount of their subscriptions to capital stock. Such creditors have an equal right to demand that such sums so paid in be allowed to remain by the stockholders as security for the debts of the corporation.

Whether the stockholder fails to pay his subscription in the first instance, or, having paid, unlawfully withdraws the amount paid in—in either event his indebtedness is of a trust character, of which the creditors of the corporation are the beneficiaries.

It is well settled that a stockholder is not entitled to set off his claim upon a corporation against his indebtedness for an unpaid subscription to its capital stock, and this principle controls the case before us. *Sawyer* v. *Hoag,* 17 Wall., 610, 21 L. Ed., 731; *Kiskadden* v. *Steinle,* 203 Fed., 375, 121 C. C. A. 559; *Sco-*

*ville* v. *Thayer,* 105 U. S., 143, 26 L. Ed., 968; and many decisions from state courts collected in a note in Ann. Cas., 1913E, 1025.

This being a suit by the trustee in bankruptcy with reference to the administration of a bankrupt estate, involving the application and construction of the federal bankrupt statute (Act July 1, 1898, chapter 541, 30 Stat., 544), as to the right of set-off, the decisions of the United States supreme court are controlling. There is, however, no conflict between the decisions of that court and our own in the matter here presented. The defendant relies on *Trust Co.* v. *Bank,* 91 Tenn., 336, 18 S. W., 822, 15 L. R. A., 710; *Bank Cases,* 92 Tenn., 437, 21 S. W., 1070, 36 Am. St. Rep., 96; *Lumber Co.* v. *Lumber Co.,* 128 Tenn., 11, 156 S. W., 465. 46 L. R. A. (N. S.), 62, Ann. Cas., 1914D, 744. In these cases set-offs were allowed to debtors of insolvent corporations. However, the corporate debts sought to be enforced were all simple debts, involving no trust relation and no obligation to capital stock. The debts of the corporations and of their creditors were mutual and in the same right, and were therefore properly set off.

The defendant insists upon his writ of error that the amount of the chancellor's decree against him was erroneous. According to the proof in the case, it appears that defendant received $1,449 in payment for the shares of stock turned in by him to the corporation. The decree recites that it appears from an amended record that he received $3,581.91. No such amended record is embodied in the transcript set up.

A suggestion of diminution of the record is made in this court by the complainant, through which it is sought

Whaley v. King.

to bring before us a petition for a rehearing and exhibits said to have been considered by the court below. An inspection of this petition, however, shows that, while it was marked ''Filed'' in the lower court, this notation has been erased, and, so far as we can see, the petition for a rehearing was not a part of the record below.  Even if it had been, the exhibits presented by it are not authenticated in such a way as to have justified the chancellor in accepting them as the basis of his decree, unless with consent of counsel.

All the proof was taken in a very informal and irregular manner, and it is impossible to tell from the record before us just what amount of money was paid to the defendant by the corporation for his shares of stock. In order, therefore, to do justice to the parties, this case must be remanded to the trial court for further proof, to show the true amount paid to King by the bankrupt concern for these shares.

The case will accordingly be reversed and remanded for further proceedings in accordance with this opinion.

The costs of this court will be divided between the parties, and the cost below will be adjudged by the chancellor.